# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Andre Franz Lindsay, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:06-02213 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On August 4, 2006, pursuant to 28 U.S.C. § 2255, Andre Franz Lindsay ("petitioner") commenced this pro se action attacking his sentence. On August 15, 2006, the government moved to dismiss the petition. On August 21, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order.[1] On September 14, 2006, the petitioner responded to the government's motion and moved to dismiss his petition without prejudice. This matter is now before the Court for disposition.

On November 14, 2000, in a superseding indictment, a federal grand jury charged the petitioner with one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of crack cocaine. On April 25, 2001, the petitioner pled guilty to the charge. On August 28, 2001, the Court sentenced the petitioner to 210 months imprisonment followed by 5 years of supervised release. On September 18, 2001, the Court entered judgment. The petitioner did not appeal his sentence.

---

[1] The Court considered the government's motion to dismiss as a motion for summary judgment.

On June 28, 2002, the petitioner attacked his sentence pursuant to 28 U.S.C. §2255. The petitioner claimed that his trial counsel did not object to an improper sentence enhancement. The Court found that the petitioner's sentence was reduced from a higher guideline range than was proper and that the petitioner's sentence would likely have been lower. On May 4, 2005, the Court set aside the petitioner's sentence. On September 20, 2005, the Court re-sentenced the petitioner to 174 months imprisonment. All provisions of the previously imposed sentence remained imposed. On September 22, 2005, the Court entered judgment.

On May 10, 2006, the petitioner appealed his sentence to the Fourth Circuit Court of Appeals. This appeal is still pending. "Absent extraordinary circumstances, courts traditionally decline to address § 2255 motions on the merits during the pendency of a direct appeal." United States v. Barnes, 70 F.3d 113, 1 (4th Cir. 1995) (unpublished), *citing* Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Such extraordinary circumstances include: "the absence of jurisdiction . . . on the face of the record[,] the [insufficiency] of the indictment or validity of the statute on which the charge is based[, or] a conflict between the state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions." Bowen v. Johnston, 306 U.S. at 26-27; see also In re Lincoln, 202 U.S. 178, 182-83 (1906). No extraordinary circumstances persuade this Court to address the petitioner's §2255 motion.

The Court therefore grants the government's motion and the petitioner's motion to dismiss and dismisses this petition without prejudice.

**AND IT IS SO ORDERED.**

*[signature: C. Weston Houck]*

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 20, 2006
Charleston, South Carolina